IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-CV-070-DCK

| KAREN BRYANT HANEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | <u>ORDER</u> |
| v. | ) |  |
|  | ) |  |
| NANCY A. BERRYHILL, | ) |  |
| Acting Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 14) and Defendant's "Motion For Summary Judgment" (Document No. 16). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Summary Judgment" (Document No. 14) be <u>granted</u>; that Defendant's "Motion For Summary Judgment" (Document No. 16) be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## I. BACKGROUND

Plaintiff Karen Bryant Haney ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On August 26, 2013, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning June 10, 2013. (Transcript of the Record of Proceedings ("Tr.") 29, 175). The Commissioner of Social Security (the "Commissioner" or

"Defendant") denied Plaintiff's application initially on May 7, 2014, and again after reconsideration on July 11, 2014. (Tr. 29, 114, 119). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 119).

Plaintiff filed a timely written request for a hearing on August 5, 2014. (Tr. 29, 83). On October 6, 2015, Plaintiff appeared and testified at a video hearing in Asheville, North Carolina before Administrative Law Judge Marshall D. Riley (the "ALJ"), who presided over the hearing from Kingsport, Tennessee. (Tr. 29, 49-78). In addition, Kathleen H. Robbins, Ph.D., a vocational expert ("VE"), and David H. Lund, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on October 30, 2015, denying Plaintiff's claim. (Tr. 29-43). On December 2, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on January 13, 2017. (Tr. 2-4, 29). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on March 8, 2017. (Document No. 1). On July 26, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 13).

Plaintiff's "Motion For Summary Judgment" (Document No. 14) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 15) were filed August 14, 2017; and the Defendant's "Motion For Summary Judgment" (Document No. 16) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 17) were filed October 13, 2017. Plaintiff declined to file a reply brief (Document No. 18), and the time to do so has lapsed. See Local Rule 7.2 (e).

Based on the foregoing, the pending motions are now ripe for review and disposition by the undersigned.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schleicher, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III.    DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 10, 2013, and the date of his decision.[1]  (Tr. 29).  To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

 (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

 (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

>
> impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 42).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 10, 2013, her alleged disability onset date. (Tr. 31). At the second step, the ALJ found that degenerative disc disease, fibromyalgia, myofascial pain syndrome, affective disorder, anxiety disorder, and somatic symptom disorder were severe impairments.[2] (Tr. 32). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 33).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform medium work activity, with the following limitations:

> with moderately compromised adaptive and stress tolerance, she is able to sustain attention to perform simple, routine and repetitive tasks and sustain attention to complete a small variety of tasks at a semi-rapid pace.

(Tr. 34). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a drafter-CAD design, sales representative, and processing order clerk. (Tr. 41). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 41). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a dietary aide, kitchen helper, and cook helper. (Tr. 41). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 10, 2013, and the date of his decision, October 30, 2015. (Tr. 42).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in his evaluation of the medical opinion evidence of Dr. Hoogerman; and (2) the ALJ erred in determining Plaintiff's RFC pursuant to Mascio v. Colvin. (Document No. 15, p.4). This is a close case, but the undersigned is persuaded that the second alleged error related to Mascio v. Colvin provides sufficient cause for remand.

**RFC Pursuant To Mascio v. Colvin**

As noted, this case presents a close question. In her second assignment of error, Plaintiff asserts that the ALJ determined a mental RFC at step 3 of the process that was not consistent with Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015). The ALJ assessed Plaintiff's RFC at Step 3 and found that she experienced moderate difficulties with regard to concentration, persistence and/or pace as a result of her mental impairments. The ALJ further found however that she retained the capacity to perform medium work, with the following limitations

> With moderately compromised adaptive and stress tolerance, she is able to sustain attention to perform simple, routine and repetitive tasks and sustain attention to complete a small variety of tasks at a semi-rapid pace.

In her brief, Plaintiff analyzes the impact of the Fourth Circuit's Mascio opinion and its progeny on this case and finds the ALJ's RFC finding wanting. Plaintiff argues:

> To be clear, Plaintiff is not advancing a formulaic or formalistic interpretation of *Mascio* ("the ALJ found moderate deficits of concentration, persistence and pace, therefore *Mascio* requires remand"). Rather the underlying record demonstrates severe <u>deficits of concentration persistence and pace</u>, consistent with the above described opinion of the Agency's examining expert who found Plaintiff to have <u>moderate to severe limitations to sustain attention and perform simple repetitive tasks</u>. *See again*, Tr. 506.
>
> Based on the ALJ's own analysis, the RFC finding is deficient *at the very least* by failing to account for the fact that Plaintiff would have moderate limitations in concentration and persistence. And, to the extent that this would undoubtedly impact the ability to concentrate and persist at a job "on a regular and continuing basis … 8 hours a day, for 5 days a week, or an equivalent work schedule," SSR 96-8p, the ALJ was obligated to account for this in the RFC finding as well. Because the ALJ's RFC failed to properly account for Plaintiff's mental impairments, including his own finding of moderate deficient of concentration, persistence, or pace, his findings are unsupported. *See again Patterson,* 846 F.3d 656 ('show your work").

Document No. 15, pp. 15-16).

Plaintiff argues in essence that the ALJ did not give a sufficient accounting of the evidence on the issue of Plaintiff's mental impairments. Thus, Plaintiff asserts, the resulting RFC is called into question, and meaningful review of this matter by this Court is frustrated.

The Commissioner, for its part, takes a very different view and argues at length that the ALJ acted properly. The Commissioner argues that the ALJ's RFC determination did consist of the required function-by-function analysis and is supported by substantial evidence. The Commissioner also specifically asserts that "Plaintiff erroneously cites to Mascio as a basis for remand" in that the ALJ gave a proper explanation of his action in this case.

The Commissioner, in its brief, reviews the evidence of mental impairments at length, concluding that the medical records support the findings of the ALJ. The Commissioner concludes:

> Given this thorough analysis, the ALJ's decision in this case is consistent with *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015). The Fourth Circuit in *Mascio* remanded, in part, because it found that the ALJ failed to perform a function-by-function analysis of the claimant's mental impairments. *Mascio*, 780 F.3d at 635-36. The court emphasized that the ALJ's RFC analysis was deficient "on the facts of this case." *Id.* at 636. In declining to adopt a per se rule, the court stated that remand "may be appropriate" where the ALJ does not address conflicting evidence as to the claimant's RFC. *Id.* (emphasizing that the ALJ said nothing about one medical source statement and the ALJ's weighing of a conflicting medical source statement was truncated). The court found that absent an explanation of the basis for the ALJ's conclusions, the court was "left to guess" at how the ALJ arrived at them. *Id.* at 637. Here, as explained above, there was no such unaddressed or conflicting evidence about Plaintiff's mental functioning, and the ALJ assessed Plaintiff's RFC according to the directives of the regulations and SSR 96-8p, 1996 WL 374184 (SSA)

(Document No. 17, p.15).

The Commissioner, put simply, is really making two arguments. First, the Commissioner argues that the ALJ has done a more than adequate job of explaining the basis for the findings that undergird its RFC. Second, it argues that this fact, together with the additional limiting language in the RFC, takes it out of the Mascio argument altogether.

Respectfully, the undersigned is persuaded by the Plaintiff's position in this close matter and will order a remand. Pursuant to Mascio, the limitation to "simple, routine, repetitive tasks," without more explanation, is not adequate. In Mascio, the Fourth Circuit opined that

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). The ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638.

It is true that here the ALJ added to the inadequate language a limitation to a "small variety of tasks at a semi-rapid pace." Respectfully, for all the ALJ's efforts, he does not explain these terms or adequately square them with the findings as to the Plaintiff's mental limitations. While it is of course the role of the ALJ and not this Court to weigh the evidence, in a case in which the ALJ assigned little weight to several health care providers, including a treating physician and a compelling psychological consultative examiner, this is a challenging matter for the reviewing court.

In fairness to Plaintiff, the Court finds that these circumstances frustrate meaningful review. While the Commissioner may ultimately be correct that Plaintiff can perform work in the national economy, this matter should go back for further proceedings.

9

## IV.  CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will direct that this matter be remanded.  On remand, an ALJ should review each of Plaintiff's alleged errors and give proper attention to any limitations in concentration, persistence, and pace in accordance with Mascio.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Summary Judgment" (Document No. 14) is **GRANTED**;  Defendant's "Motion For Summary Judgment" (Document No. 16) is **DENIED**;  and this matter is **REMANDED** for further proceedings.

**SO ORDERED**.

Signed: September 25, 2018

David C. Keesler
United States Magistrate Judge